UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-758-JD-MGG

C.O. MANGOLD, et al.,

    Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against ten officials at the Westville Correctional Facility. Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs alleges that on May 15, 2017, he complained that Correctional Officer Mangold and Correctional Officer Smith required black inmates to wake up early for recreation while permitting white inmates to sleep longer. After Scruggs' complaint, Officer Mangold instructed Scruggs to stand in front of his cell to be patted down, but Scruggs refused, indicating that Officer Mangold could pat him down where

he was standing. Scruggs was returned to his cell. He then insulted Officer Mangold's appearance, made inappropriate comments about an alleged sexual relationship between Officer Smith and another correctional officer, and suggested that Officer Mangold had a sexual interest in Officer Smith. Officer Mangold indicated that, if Scruggs did "something," he would "kick [his] ass." (ECF 2 at 3.) Scruggs relayed to Sergeant Young that Officer Mangold was saying he wanted to kick his ass. And, with Sergeant Young present, Scruggs said to Officer Mangold, "if you want to kick my ass all you have to do is what you did last time and just tell them I spit on you." (*Id.*) Scruggs then started throwing paper outside of his cell so that the guards would have to clean it up. Officer Mangold cleaned up the mess and told Scruggs to "keep it up," so Scruggs followed the officer's orders and continued to throw small pieces of paper out of his cell. (*Id.*) Officers Mangold, Gaddis, and Smith then met in the office and talked while watching Scruggs. Officer Smith was punching her hand into her fist and then pointing at Scruggs and putting her fist to her eye, implying that she would punch him. After the meeting, Officer Gaddis stood outside of Scruggs' cell. Scruggs then claims that Officer Gaddis lied on him, presumably by indicating that Scruggs spat on him.

Complex Director Salery, Lieutenant Creasy, and Captain Earheart then came to Scruggs' cell. Director Salery told Scruggs he would spend 24 hours in a strip cell. Scruggs said he did not do anything wrong. Director Salery indicated that he knew Scruggs did not do anything wrong, "but you're going to take this 24 hour strip cell anyway, you're going to learn to keep your head down and keep it down." (*Id.* at 4.) Officer Salary walked away, but he returned and told Scruggs:

2

> You don't run shit, I do, and you're going to learn to keep your head
> down cause every time you pop up out of the hole you dug for yourself
> we're going to beat you back into submission.

(*Id.*) Director Salery walked away and Captain Earheart approached, indicating that he knew Scruggs did not do anything wrong and that he understands Scruggs needs to stand up for his principles, but "you know it is what it is." (*Id.*)

A cell extraction team, which included Officer Mangold, then entered Scruggs' cell. Members of the cell extraction team sprayed Scruggs with pepper spray two to three times, beat him, pushed his face into the wall and the floor, and sprayed water on his face in a manner that caused him to feel like he was drowning. Scruggs sues Officer Mangold, Officer Gaddis, Officer Smith, Sergeant Young, Director Salery, Lieutenant Creasy, Captain Earheart, and three unknown officers who were part of the cell extraction team for money damages.[1]

To start, Scruggs sues Officer Mangold, Officer Gaddis, Officer Smith, Director Salery, Lieutenant Creasy and Captain Earheart for conspiring to impose an unwarranted punishment upon him and then arranging to have him beaten (and in the case of Officer Mangold, participating in the beating) in retaliation for him speaking about how recreational time is handled and for filing other earlier grievances and lawsuits. "To prevail on his First Amendment retaliation claim, [Scruggs] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a

---

[1] Scruggs also sought injunctive relief, but he is no longer housed at the Westville Correctional Facility, so his request for injunctive relief is now moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). He also asks that several of the defendants be charged criminally, but that relief is not available to Scruggs by bringing a civil rights action against the defendants. He does not have a constitutional right to bring charges against the defendants.

deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Scruggs' complaint about recreational time and his numerous other grievances and lawsuits constitute protected speech. According to the complaint, these defendants made the decision to punish Scruggs with 24 hours in a strip cell and to beat him when he refused to comply with this punishment based on his protected speech. Though further fact finding may reveal otherwise, Scruggs has adequately plead his retaliation claim.

Scruggs also sues Officer Mangold and the other unknown members of the cell extraction team for using excessive force when they attacked him on May 15, 2017. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Scruggs alleges that Officer Mangold assaulted him because he was upset that he complained about how recreational time was managed differently for blacks and whites, and because of other prior grievances and lawsuits. Giving Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that Officer Mangold used force maliciously and sadistically to cause him harm, and not for a legitimate purpose. However, the

4

unidentified officers must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future Scruggs can name or identify these defendants by some other means, then he can attempt to amend his complaint at that time.

Next, Scruggs sues Sergeant Young for failing to intervene in the use of excessive force. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982). Scruggs alleges that Sergeant Young knew that Officer Mangold wanted to beat Scruggs up, and that Sergeant Young should have alerted someone to the setup before it was carried out. But, hearing Scruggs say that Officer Mangold wants to beat him up, or hearing Scruggs goad the officers by saying that they can just do what they did last time and lie and say he spat on them, is a far cry from being aware that fellow officers were going to beat Scruggs without cause. Accordingly, this does not state a claim.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on a claim against Correctional Officer Mangold, Correctional Officer Gaddis, Correctional Officer Smith, Complex Director Salery, Lieutenant Creasy and Captain Earheart in their individual capacities for compensatory for retaliating against him on May 15, 2017, in violation of the First Amendment;

(2) GRANTS Christopher L. Scruggs leave to proceed against Correctional Officer Mangold in his individual capacity for compensatory damages for using excessive force against him on May 15, 2017, in violation of the Eighth Amendment;

(3) DISMISSES Sergeant Young, Cell-Extraction Member #1, Cell-Extraction Member #2, and Cell-Extraction Member #3 as defendants;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Correctional Officer Mangold, Officer Gaddis, Correctional Officer Smith, Complex Director Salery, Lieutenant Creasy and Captain Earheart at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Correctional Officer Mangold, Correctional Officer Gaddis, Correctional Officer Smith, Complex Director Salery, Lieutenant Creasy and Captain Earheart to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 19, 2018

                                                /s/ JON E. DEGUILIO
                                      JUDGE
                                      UNITED STATES DISTRICT COURT