UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

    v.    CAUSE NO.: 3:18-CV-758-JD-MGG

C.O. MANGOLD, et al.,

    Defendants.

## OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed objections to this court's order screening his complaint (ECF 7), which will be construed as a motion to reconsider the screening order (ECF 5) issued pursuant to 28 U.S.C. § 1915A.

As was outlined in the screening order, pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Scruggs asserts that this court erred in dismissing Sergeant Young. The facts underlying the complaint were fully outlined in the prior order and will not be repeated here, except as is relevant to the present motion. As to Sergeant Young, Scruggs alleges

that Sergeant Young knew that Officer Mangold wanted to beat him up, and that Sergeant Young should have alerted someone to the setup before it was carried out. More specifically, Scruggs alleges that he relayed to Sergeant Young that Officer Mangold was saying he wanted to kick his ass. And, with Sergeant Young present, Scruggs said to Officer Mangold, "if you want to kick my ass all you have to do is what you did last time and just tell them I spit on you." (*Id.*) As explained in the screening order, "officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982). Scruggs argues that this court erred in dismissing Sergeant Young because he had an opportunity to intervene to prevent his fellow officers from using excessive force, but Sergeant Young's dismissal was not based on whether he had an opportunity to intervene. Rather, it cannot be reasonably inferred from the brief exchange between Scruggs and Sergeant Young that Sergeant Young was aware that there was anything for him to intervene in. Officer Mangold was not using excessive force against Scruggs at the time these comments were made, and the comments Scruggs includes in his complaint were not sufficiently specific to place Sergeant Young on notice that Officer Mangold intended to use force against Scruggs

without cause. Accordingly, Scruggs has not stated a claim against Sergeant Young, and the court stands by its decision to dismiss him.

Next, Scruggs objects to the court's handling of his request that he be permitted to recover damages for mental and emotional distress. Scruggs was granted leave to seek compensatory damages from several defendants. Damages for mental and emotional suffering are merely a type of compensatory damages. *See* 42 U.S.C. 1997e(e); *Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012). Thus, the court's screening order does not preclude Scruggs from recovering for mental and emotional distress if he prevails on his claims.

Lastly, Scruggs objects to the dismissal of his injunctive relief claims. Scruggs' injunctive relief claims were dismissed because the events alleged in this complaint occurred at Westville Correctional Facility, but he is no longer housed there. The Court concluded that his requests for injunctive relief were therefore moot. He now argues that, because he is still incarcerated, he could be sent back to Westville. If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Scruggs' argument is based on nothing more than the mere fact that he is still being held by the Indiana Department of Corrections. Thus, he has not demonstrated that he is likely to be retransferred. Scruggs also argues that his injunctive relief claims are not moot because the IDOC is now using digital cameras where footage can be easily edited to conceal the defendants' actions,

and that videos have been edited in some of his other cases. Scruggs has not alleged that any defendant he has been granted leave to proceed against in this case has edited video footage relevant to this case. Indeed, until discovery takes place and he obtains relevant videos, he will not know if a video has been altered or not. This is a discovery issue. If Scruggs obtains video footage through the discovery process and believes it has been edited, then he can make his argument in the context of his specific complaint and seek appropriate relief.

For these reasons, the court DENIES Scruggs' request for reconsideration (ECF 7).

SO ORDERED on December 11, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4