UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

v.       CAUSE NO. 3:18-CV-758-DRL-MGG

CO MANGOLD *et al.*,

    Defendants.

## OPINION & ORDER

Christopher L. Scruggs, a prisoner without a lawyer, seeks leave to amend his complaint to add several additional defendants. ECF 70. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Mr. Scruggs is currently proceeding on two separate claims arising from events occurring on May 15, 2017. ECF 5. He initiated this lawsuit on September 14, 2018. His original complaint included several unnamed defendants. In the proposed amended complaint, Mr. Scruggs seeks to add these previously unidentified defendants—individuals whose names he recalled after viewing discovery in this case. Mr. Scruggs's

claims are subject to a two-year statute of limitations. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The proposed amended complaint concerns the same May 15, 2017 incident as the original complaint, and it was not signed until December 17, 2019—more than two years after the incident. Therefore, amending the complaint to add new defendants would be futile unless the allegations against them would relate back to the original complaint.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). No such mistake occurred here. Mr. Scruggs may not have previously known the identity of these additional defendants, but this is not a mistake for purposes of the relation back rules. *See id.* Because Mr. Scruggs did not assert his claims against these additional defendants in a timely manner and because the relation-back doctrine does not apply to these claims, amending the complaint to add them would be futile.

For these reasons, the court DENIES Christopher L. Scruggs's motion for leave to amend his complaint (ECF 70) and his motion (ECF 83) and objection (ECF 93) seeking ruling on the motion to amend.

SO ORDERED.

May 14, 2020                                                    *s/ Damon R. Leichty*
                                                                Judge, United States District Court