UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.

CAUSE NO. 3:18-CV-758 DRL-MGG

CO MANGOLD *et al.*,

Defendants.

OPINION AND ORDER

Mr. Scruggs has filed a motion seeking reconsideration of this court's denial of his request to amend his complaint. ECF 103. The motion to amend was denied (ECF 98) because the incident giving rise to the complaint occurred on May 15, 2017, and the amended complaint was not signed until December 17, 2019 – approximately two years and seven months later – and the relation back doctrine did not apply.

Now, Mr. Scruggs argues that the amendment should have been permitted because he is entitled to equitable tolling. He argues that the statute of limitations should have been tolled while he was exhausting his administrative remedies with the IDOC (until September 12, 2017), from the time he filed his original complaint (September 10, 2018) until the court screened that complaint on November 19, 2018, and during the twenty-one days of extension the court granted the defendants to produce video he sought through discovery that allowed him to identify the defendants he seeks to add. ECF 103. And yet, even if each of these periods of time is tolled, by Mr. Scruggs's calculation, his amended complaint still falls six days outside of the statute of limitations.

Mr. Scruggs, however, notes that the response to the request to produce indicated that the video would be produced to the litigation liaison at Wabash Correctional Facility in two to three days. He believes that time should also be tolled, leaving his proposed amendment only three or four days late. Mr. Scruggs also asks that the time where the video was at the IDOC facility but he was prevented from viewing it (approximately two months) be tolled. He further notes that, given his *pro se* status, the court's denial of his request for counsel, his head and hand injuries, and that he is managing between ten and fourteen cases in two different courts at any given time, he did the best he could.

As noted in this court's order denying Mr. Scruggs's motion to amend, Mr. Scruggs's claims are subject to a two-year statute of limitations. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). When a federal claim is controlled by a state statute of limitations, a federal court looks to state law to decide whether the statute of limitations should be tolled for equitable reasons. *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989). Under Indiana law, equitable tolling is permitted in three situations. *See Trzeciak v. State Farm Fire & Cas. Co.*, 809 F.Supp.2d 900, 911-12 (N.D. Ind. 2011) (summarizing Indiana law governing equitable tolling).

First, the statute of limitations may be tolled where fraud or fraudulent concealment has occurred. Ind. Code § 34-11-5-1. Second, the statute of limitations may be tolled where the plaintiff suffers from some legal disability. Ind. Code § 34-11-6-1.

2

Legal disabilities include being mentally incompetent, out of the United States, or younger than eighteen years of age. Ind. Code § 1-1-4-5(24). Finally, the statute of limitations may be tolled where a case was timely filed in federal court but is dismissed for lack of diversity jurisdiction. *Trzeciak*, 809 F.Supp.2d at 911.

Indiana law does not provide for equitable tolling while administrative remedies are being exhausted, while waiting for the court to screen a complaint, for delays resulting from brief extensions of time, or for delays in viewing discovery materials due to incarceration. Indiana once considered imprisonment a legal disability, but that changed in 1982. *Id.*

Mr. Scruggs argues that tolling is required due to fraudulent concealment. The Indiana Supreme Court provided the following explanation of when tolling is appropriate based on fraud or fraudulent concealment:

> Fraudulent concealment is an equitable doctrine that operates to estop a defendant from asserting the statute of limitations as a bar to a claim whenever the defendant, by his own actions, prevents the plaintiff from obtaining the knowledge necessary to pursue a claim.… [T]his doctrine should be available to the plaintiff to estop a defendant from asserting the statute of limitations when he has, either by deception or by a violation of duty, concealed from the plaintiff material facts thereby preventing the plaintiff from discovering a potential cause of action. When this occurs, equity will toll the statute of limitations until the equitable grounds cease to operate as a reason for delay.

*Doe v. Shults-Lewis Child & Family Services, Inc.*, 718 N.E.2d 738, 744-45 (Ind. 1999) (internal citations omitted). Mr. Scruggs describes no deception or violation of duty on the part of the defendants. Rather, he describes the kinds of delays that are typical of prisoner litigation: the time necessary to navigate through the available administrative remedies,

a brief extension of time to respond to a discovery request, and brief delays associated with viewing video discovery while incarcerated. These do not amount to fraudulent concealment. He speculates these delays were the result of coordinated efforts between the court and defendants. Knowing he wished to amend, "the Judge and the defendants worked to cause delay after delay." ECF 103 at 3. Mr. Scruggs's inability to amend prior to the expiration of the statute of limitations was not caused by the defendants or the court. It was caused by him waiting a year after he exhausted his administrative remedies to file suit and waiting several months to initiate discovery. In fact, Mr. Scruggs did not initiate discovery until after the two year statute of limitations had lapsed, and neither the court's twenty-one day extension nor the prison's delay in allowing him to watch the video would have altered the outcome of this court's determination that he sought leave to amend too late.

Mr. Scruggs also argues that the statute of limitations should be tolled due to mental incompetence resulting from his head injuries. *See* ECF 103; ECF 107; ECF 130.

> "Mentally incompetent," in turn, means "of unsound mind." I.C. § 1–1–4–5(12). "Of unsound mind" is not currently defined in the Indiana Code. *See Fager v. Hundt*, 610 N.E.2d 246, 250 n. 2 (Ind.1993). The Indiana Supreme Court noted that although the phrase "of unsound mind" was previously defined, that statute was repealed in 1990 by P.L. 1–1990, Sec. 334. *Id.* (citing the previous statute, Indiana Code section 34–1–67–1). Specifically, "of unsound mind" was previously defined to include "idiots, noncompotes (non compos mentis), lunatics and distracted persons." *Id.* (emphasis added). The phrase "distracted person" was construed to mean "a person who by reason of his or her mental state is incapable of managing or procuring the management of his or her ordinary affairs." *Id.* (quoting *Duwe v. Rodgers*, 438 N.E.2d 759, 761 (Ind.Ct.App.1982)); *see also Collins*, 323 N.E.2d at 269 (noting that to be considered of unsound mind, the relevant proof "is whether the person claiming the benefit of the extension statute is incapable of either understanding the rights that he would otherwise be

4

> bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief").

*Whitlock v. Steel Dynamics*, Inc., 35 N.E.3d 265, 270 (Ind. Ct. App. 2015), transfer denied, 37 N.E.3d 960 (Ind. 2015). Mr. Scruggs argues that he only needs to make a plausible showing that he was mentally incompetent. But, even if the showing required is mere plausibility, the records before this court do not support such a showing. Mr. Scruggs has been actively litigating cases in this court throughout the two-year period at issue here.[1] And he has done so in a manner that is inconsistent with the definition of mentally incompetent as it has traditionally been understood in Indiana. He may have had more on his plate than he could manage – ten to fourteen cases are quite a commitment, especially given his lack of legal training. But, being overwhelmed with work because he filed many cases does not amount to mental incapacitation under Indiana law. Whatever the reason for Mr. Scruggs's lack of diligence in initiating this lawsuit and initiating discovery, he has not plausibly alleged that it was the result of his head injury.

Mr. Scruggs also appears to invoke the federal doctrine of equitable tolling. Under federal law, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citation omitted). Indiana has not recognized an equitable tolling doctrine as broad as that applied by the federal courts. *Trzeciak*, 809 F. Supp. 2d at 911.

---

[1] Between May 2017 and May 2019, Mr. Scruggs actively litigated the following cases in this court: 3:16-CV-33; 3:16-CV-39; 3:16-CV-50; 3:16-CV-722; 3:17-CV-422; 3:17-CV-423; and 3:17-CV-467.

Although broader than Indiana's tolling provision, it is nonetheless an extraordinary remedy that is rarely granted, and the petitioner bears the burden of proof. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013); *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

Even under the broader federal doctrine, Mr. Scruggs could not prevail because he did not pursue his claims diligently. When the delay is caused not by the plaintiff but by the realities of the court's own procedures, tolling may be necessary to prevent injustice. *See, e.g.*, *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (*en banc*) (finding equitable tolling warranted when an otherwise diligent plaintiff could not amend her complaint to include new claims "due solely to the delay inherent" in the court's procedures). Mr. Scruggs waited a full year from when he exhausted his administrative remedies to file this suit. The court was responsible for the delay attributable to the necessity of screening Mr. Scruggs's complaint, but this case was screened just over two months after it was filed, on November 19, 2018, and at least some defendants had appeared and answered the complaint by January 22, 2019. Yet, Mr. Scruggs did not seek discovery in this case until August 19, 2019. Mr. Scruggs is a seasoned litigator – as is demonstrated by his thorough understanding of statute of limitations and equitable tolling. He knew he needed to identify the names of the additional defendants he wished to add, and yet he waited a year to initiate the case and failed to initiate the necessary discovery until two years and three months after the incident giving rise to the lawsuit. Under the federal doctrine, he has not demonstrated the necessary diligence to obtain the unusual remedy of equitable tolling. Furthermore, the circumstances he identifies - waiting to exhaust administrative remedies, waiting for

the court to screen the complaint, a brief extension of time, and waiting to view video evidence at the prison – are far from extraordinary. Just as it is not plausible to find that Mr. Scruggs was substantially delayed due to mental incompetence, it is not plausible to find that he was substantially delayed by his hand injury, given the sheer volume of documents filed with this court during the two years following the incident giving rise to this action. If Mr. Scruggs had been diligent at the outset, he could have amended his complaint within the applicable statute of limitations period. The motion for reconsideration is therefore DENIED.

Mr. Scruggs also filed a motion asking for ruling on the above motion. ECF 130. This motion is DENIED both because it was unnecessary and because it is now moot. Such motions waste scarce judicial resources and cause further delays in ruling on the issues at hand.

SO ORDERED.

March 15, 2021                             *s/ Damon R. Leichty*
                                           Judge, United States District Court