UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

  v.                                    CAUSE NO. 3:18-CV-758 DRL-MGG

CO MANGOLD *et al.*,

    Defendants.

OPINION AND ORDER

On March 26, 2021, this court ordered the defendants either to produce Internal Investigations policy 00-01-103 or to show cause why producing this policy poses a security concern. ECF 231. The court also ordered the defendants to respond to Christopher L. Scruggs's request for the policy regarding storage of evidence by confirming that the policy effective April 19, 2016, was still in effect on May 15, 2017, producing the policy that was in effect, or showing cause why they cannot produce it. ECF 231. The defendants have confirmed that the policy regarding storage of evidence is part of policy 00-01-103 and that it was in effect from September 1, 2016 until July 1, 2019. ECF 234 at 2. However, they ask to be excused from producing the policy because it poses a security risk. The IDOC has deemed the policy restricted and prohibits access by offenders and the public without proper authorization. ECF 234-1 at 2. The policy contains detailed information regarding the various task forces used by the Office of Investigations and Intelligence, the use of surveillance equipment, and investigative procedures.

Prisoners are not entitled to the discovery of information that would "unduly threaten institutional concerns." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003); *see also Thornburgh v. Abbott*, 490 U.S. 401, 408 (1989) (advising courts to "afford considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world."). Here, when the court affords the considerable deference that is due, the court concludes that the releasing the described policy to offenders would pose a threat to institutional safety and security. Therefore, the defendants will not be required to produce the policy.

The court also ordered Officers Mangold, Smith, and Gaddis to supplement their responses to an interrogatory asking about steps taken to preserve Gaddis's shirt following receipt of Christopher L. Scruggs's May 19, 2017, informal grievance. ECF 201-1 at 3; ECF 231. The court noted that the defendants' responses focused on the day of the incident, not what occurred after receiving Mr. Scruggs's May 19, 2017, grievance. ECF 231 at 8. The defendants have now supplemented their responses. ECF 235; ECF 240; ECF 241.

The court ordered Officer Gaddis to provide a substantive response to interrogatory numbers 15 and 16 in Christopher L. Scruggs's request for interrogatories. ECF 156; ECF 231. Mr. Scruggs's interrogatories asked that Officer Gaddis watch the range video of him sweeping and identify at what time Mr. Scruggs spat on him, and (as paraphrased by the court) to describe exactly what he saw when Mr. Scruggs spat on him, including how Mr. Scruggs was positioned such that it was possible given the position of

2

the opening on the cell door. ECF 231 at 9-10. Officer Gaddis has now supplemented his responses. ECF 242; ECF 243.

The court ordered Officer Mangold to provide a substantive response to interrogatory number 12 in Christopher L. Scruggs's request for interrogatories. ECF 154; ECF 231. The interrogatory read as follows:

> Identify as to why and how you were allowed to remain on the cell-extraction team after all WCU staff which came to my cell door that you had me set up for a fight that you wanted.

ECF 154; ECF 203-1 at 2. The court surmised that the interrogatory was missing the words "I told," and that someone familiar with this case should have been able to discern Mr. Scruggs's meaning despite the omission. Officer Mangold supplemented his response as follows.

> There was no "fight" in your cell. No one "set up for a fight" as you allege. I did not do anything wrong as part of the cell-extraction team that would warrant me being removed as a member. I remained a part of the cell-extraction team because I properly performed my duties as the first individual in your cell on the incident date.

ECF 239. Mr. Scruggs was not satisfied with the supplemental response and filed a motion to compel. ECF 248. In his motion to compel, Mr. Scruggs concedes that he omitted two words: "were told." He intended the interrogatory to read as follows:

> Identify as to why and how you were allowed to remain on the cell-extraction team after all WCU staff which came to my cell door *were told* that you had me set up for a fight that you wanted.

ECF 248. While this modification varies slightly from the court's, it is in substance identical. Officer Mangold's supplemental response still misses the point. Officer Mangold is not being asked to concede that there was a fight or that he set Mr. Scruggs

3

up for a fight. He is merely being asked why he was allowed to remain on the cell extraction team when *Mr. Scruggs had voiced his accusation that Officer Mangold wanted to fight and set him up to fight*. It is the response to Mr. Scruggs's allegations that Mr. Scruggs is after. Officer Mangold may not know the answer to Mr. Scruggs's question. If so, he can say so. But his supplement does not directly answer Mr. Scruggs's question. For this reason, the motion to compel will be granted, and Officer Mangold will again be ordered to supplement his response.

The court also ordered Defendants to supplement their response to the request for production to include both the front and back of all informal grievances previously provided to Christopher L. Scruggs or to show cause why they cannot comply with this order. ECF 231. The request for production has now been supplemented. ECF 236.

Finally, Mr. Scruggs has asked for additional time to respond to the pending summary judgment motion due to injuries he recently sustained, an inability to access all of his legal documents to prepare his response, and summary judgment proceedings in another case. ECF 257. Upon due consideration, the motion will be granted. However, this case has been pending since September 2018. While the court is mindful that Mr. Scruggs has many cases to attend to, further requests for additional time to respond to the pending summary judgment motion will be looked upon with disfavor.

For these reasons, the court:

(1) DISCHARGES the show cause order (ECF 231);

(2) GRANTS Christopher L. Scruggs's Second Motion to Compel (ECF 248);

4

(3) ORDERS James Mangold to further supplement his response to interrogatory number twelve, as outlined in this order;

(4) GRANTS Christopher L. Scruggs's Motion for Extension of Time of the Deadline in Which to Respond to Defendant's Motion for Summary Judgment (ECF 257); and

(5) EXTENDS the deadline for Christopher L. Scruggs to respond to the pending summary judgment motion to **July 9, 2021.**

SO ORDERED.

June 7, 2021

*s/ Damon R. Leichty*
Judge, United States District Court